This is a proceeding under article 78 of the Civil Practice Act to review respondent Tax Commission’s determination which denied petitioner’s application for the revision and refund of a corporate franchise tax assessment upon petitioner based upon income earned by a national bank (Standard National Bank of New York, of Woodside, Long Island), during the year 1941. The pertinent provision of the statute under which the questioned assessment was made (Tax Law, art. 9-B, § 219-q, subd. 8) is as follows: “The acquisition by a taxpayer directly or indirectly, of the assets or franchises of another taxpayer or national bank shall be deemed a merger for the purposes •of this section.” The aforesaid statute further provides that in the event of a merger of a State banking institution and a national bank the resulting taxpayer shall be liable for the unpaid tax on the entire previous year’s net income of the institutions merged. We construe the above-quoted portion of the statute to mean that for the purpose of such taxation a merger is deemed to result when one such institution acquires substantially all the assets of another. Whether this resulted by virtue of the transaction between petitioner .and Standard National Bank is a factual question. The respondent’s determination in finding such a result is supported by substantial evidence. Determination unanimously confirmed, with $50 costs. Present — Heffernan, J. P., Brewster, Deyo, Bergan and Coon, JJ.